UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDMEE CALVO
RODRIGUEZ,

Plaintiff,

vs.

FLORIDA ARTHRITIS
CENTER, P.L.,

Defendant.

Case No.
6:24-cv-230-GAP-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff's Motion for a Determination of the Amount of the Award of Attorney's Fees and Costs. Dkt. 39. The motion has been referred to a magistrate judge for the preparation of a report and recommendation. Upon consideration, I respectfully recommend the Court grant the motion, award Plaintiff $14,300 in attorney's fees and non-taxable costs, and enter judgment accordingly.

On May 30, 2025, the Court entered an order granting Plaintiff a default judgment against Defendant. Dkt. 37. In addition to compensatory and punitive damages, the Court determined that

Plaintiff is entitled to an award of attorney's fees and non-taxable costs. *Id.* at 2. Plaintiff timely moved for costs. Dkt. 39.

The Eleventh Circuit has directed courts to use the lodestar method when considering the amount of attorney's fees to award a prevailing party. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* Fee applicants must exercise billing judgment, and so the Court must scrutinize fee requests and exclude excessive, redundant, or otherwise unnecessary hours. *Id.* at 1301. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.* (citations omitted). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates and the hours expended were reasonable. *Id.* at 1303.

Here, Plaintiff asks the Court to award her a total of $14,300 in attorney's fees and non-taxable costs. Her counsel charged an hour rate of $550 for work performed in 2023 and $600 for work performed subsequently. Counsel submitted his detailed billing records. Also attached to the motion is an affidavit submitted by an attorney containing his opinion that Plaintiff's counsel's hourly rates and worked performed are reasonable.

After carefully considering the materials submitted, I conclude Plaintiff has established that counsel's hourly rate is reasonable for the Orlando market, especially in view of counsel's extensive experience in labor and employment law. *See Norman*, 836 F.2d at 1303. Likewise, counsel's billing records evince a thorough and efficient management of this case. Counsel exhibited exemplary billing judgment. *Id.* at 1299.

Lastly, Plaintiff's request for costs associated with the fee expert is reasonable and recoverable. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (awarding litigation expenses and costs on civil rights claim under 42 U.S.C. § 1988(b)).

Accordingly, I respectfully **RECOMMEND** the Court:

1.     **GRANT** Plaintiff's Motion for a Determination of the Amount of the Award of Attorney's Fees and Costs (Dkt. 39);

2.     **AWARD** Plaintiff $14,300 in attorney's fees and non-taxable costs; and

3.     **DIRECT** the Clerk of Court to enter judgment and close this case.

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and

file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.[1]

**ENTERED** in Orlando, Florida, on September 19, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Gregory A. Presnell

Counsel of Record

_____

[1] Plaintiff may file a notice informing the Court if she does not intend to file a written objection. Although not required by the Federal Rules of Civil Procedure, if Plaintiff files such a notice, the Court may issue an order on this report and recommendation before the expiration of the 14-day objection period.